**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ESCOBEDO,<br><br>  Plaintiff,<br><br>  v.<br><br>NICOLE SOLANO dba Chalio's Fresno, et al.,<br><br>  Defendants. | No. 1:24-cv-00373 KES SKO<br><br>FINDINGS AND RECOMMENDATIONS GRANTING IN PART PLAINTIFF'S UNOPPOSED MOTION TO ENFORCE SETTLEMENT AGREEMENT AND REQUEST FOR ATTORNEY'S FEES<br><br>(Doc. 20)<br><br>14-DAY DEADLINE |

Plaintiff Jose Escobedo ("Plaintiff") moves to enforce the terms of the "Settlement Agreement and Limited Release" dated August 9, 2024 ("Settlement Agreement") and to enter judgment against Defendant Nicole Solano dba Chalio's Fresno; David C. Yang, Trustee of the David C. Yang and Susie U. Yang AB Living Trust, and Susie U. Yang, Trustee of the David C. Yang and Susie U. Yang AB Living Trust ("Defendants"). (Doc. 20). Plaintiff also seeks attorney's fees pursuant to the Settlement Agreement. (*Id.*). Defendants did not oppose the motion to enforce the settlement agreement or object to Plaintiff's request for attorney's fees.

The Court, having reviewed the record, finds this matter suitable for decision without oral argument. *See* E.D. Cal. Local Rule 230(g). Accordingly, the previously scheduled hearing set on January 22, 2024, will be vacated. For the following reasons, the undersigned recommends that Plaintiff's motion to enforce the Settlement Agreement be granted.

1

## I.     BACKGROUND

Plaintiff, who is disabled with a limited ability to walk, initiated this Americans with Disabilities Act action against Defendants, who "own, operate, and/or lease" "Chalio's Fresno."[1] (Doc. 1 ("Complaint"), ¶ 7, *see also id.* at 8–10). Plaintiff claims that he was subjected to barriers at Chalio's Fresno when he was patron. (*Id.*).

On August 9, 2024, the parties entered into a Settlement Agreement, requiring Defendants to make specific modifications to Chalio's Fresno and to make a one-time payment of $14,401.80 by wire transfer by August 5, 2024.[2] (*See* Doc. 20-2, Declaration of Tanya E. Moore ("Moore Decl.") ¶ 2; Doc. 20-3). The Settlement Agreement also provides for a $50 fee for late payment. (Doc. 20-3 at 3).

On the day the Settlement Agreement was executed, Plaintiff's counsel's office reached out via email to Defendant Solano inquiring as to the status of the payment. (Doc. 20-3 at 12–13). On August 20, 2024, Counsel for Plaintiff again inquired of Defendant Solano as to the status of the wire transfer. (*Id.* at 12). On September 6, 2024, counsel for Plaintiff again emailed Defendant Solano advising that Plaintiff would be unable to dismiss the case until Plaintiff received the settlement payment. (*Id.*). On September 16, 2024, Plaintiff's counsel received a reply stating that "[t]he money will be sent over by this Friday 9/20/2024!" (*Id.*). It is undisputed that Defendants never made a payment. (Moore Decl. ¶ 6).

On December 5, 2024, Plaintiff moved for: (1) enforcement of the Settlement Agreement, (2) an order from the Court instructing Defendants to pay $14,451.08 (the amount owed plus the late fee) to Plaintiff pursuant to the terms of the Settlement Agreement, (3) an award of attorney's fees for the time spent enforcing the Settlement Agreement, and (4) leave to submit a draft form of judgment within 14 days of the Court's order on this matter. No opposition was filed by any defendant.

---

[1] Plaintiff's state law claims were dismissed without prejudice on June 18, 2024. (*See* Doc. 17 (adopting Findings and Recommendations (Doc. 9)).

[2] This date pre-dates the Defendants' signing of the Settlement Agreement by four days.

## II.     DISCUSSION

**A.     Jurisdiction**

This Court has inherent authority to enforce a settlement agreement in an action pending before it. *See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). To be enforced, a settlement agreement must be complete, *see Maynard v. City of San Jose*, 37 F.3d 1396, 1401 (9th Cir. 1994); and all parties must have agreed to the terms of the settlement, *see Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). Attached to the Plaintiff's motion is a Settlement Agreement that appears to be signed by all parties, (*see* Doc. 20-3 at 9–10), along with a declaration from Plaintiff's attorney swearing to the truth and correctness of the attached Settlement Agreement, (Doc. 20-2 at 1–2). As no opposition was filed, the existence of and material facts concerning the terms of the agreement are not in dispute. Therefore, the undersigned finds that the Settlement Agreement is complete and agreed to by all parties.

Plaintiff seeks $14,451.80 based on section 2.1 of the Settlement Agreement, which reads:

> Defendants shall pay to Plaintiff the total sum of $14,401.80 ("the Settlement Payment") via wire transfer by August 5, 2024. . . . If any payment required hereunder is not received within five days of the date it is due, Defendants shall be required to pay an additional $50.00 as and for a late fee.

(Doc. 20-3 at 3). Plaintiff declares that Defendants did not send the wire transfer or otherwise make the settlement payment as provided for in the Settlement Agreement. (Moore Decl. ¶ 6). And, because no opposition was filed, Defendants do not controvert Plaintiff's declaration. Based on the clear terms of the Settlement Agreement and the Plaintiff's uncontroverted declaration, the undersigned recommends the Court find that the Plaintiff is entitled to a payment of $14,451.80.

**B.     Attorneys' Fees**

Plaintiff requests a $529.50 attorney's fees award based on section 6.9 of the Settlement Agreement, "Attorney Fees for Enforcement of Agreement," which reads:

> [I]n the event that future and additional litigation is reasonably required by the Parties, either individually or collectively, to remedy a breach of this Agreement and/or to enforce the Parties' respective rights pursuant to this Agreement, the prevailing party or parties as determined by a court of competent jurisdiction shall be entitled to recover from the non-prevailing party as also determined by a court of competent jurisdiction all reasonable costs, attorneys' fees, and expenses

1 | reasonably incurred in such future and additional litigation.
2 | (Doc. 20-3 at 8–9).

3 | To the extent the undersigned's recommendations are adopted as to the enforcement of the Settlement Agreement, the Plaintiff is the prevailing party and is entitled to reasonable attorney's fees pursuant to section 6.9 of the Settlement Agreement.

Plaintiff seeks $529.50 for 3.8 hours spent enforcing the settlement. (Doc. 20 at 5; Moore Decl. ¶ 7; Doc. 20-3 at 15). "The customary method of determining fees . . . is known as the lodestar method." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Id.* The lodestar figure is presumptively reasonable, and adjustments are reserved for "rare" cases. *United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1108 (9th Cir. 2015). The burden is on the party seeking fees to provide evidence supporting the hours and rates claimed. *See Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007).

Plaintiffs request fees for both Attorney Moore and Paralegal Law. For Attorney Moore, Plaintiff requests $150, representing .5 hours billed at a rate of $300 per hour. (Doc. 20 at 5; Moore Decl. ¶ 7; Doc. 20-3 at 15). For Paralegal Law, Plaintiff requests $379.50, representing 3.3 hours billed at a rate of $115. (Doc. 20 at 5; Moore Decl. ¶ 7; Doc. 20-3 at 15).

In light of the Defendants' non-opposition and consistent with prior orders from this court, the undersigned recommends the Court conclude that the hourly rates charged by both Moore and Law are reasonable. *See, e.g.*, *Block v. Starbucks Corp.*, No. 115CV00991DADCKD, 2018 WL 4352906, at *7 (E.D. Cal. Sept. 11, 2018); *Acosta v. Sadik*, No. 117CV01533DADSKO, 2018 WL 4182586, at *7 (E.D. Cal. Aug. 30, 2018); *Vickers v. Vallejo Furniture Galleries, Inc.*, No. 2:20-CV-00068-JAM-AC, 2020 WL 2300718, at *5 (E.D. Cal. May 8, 2020), *report and recommendation adopted sub nom. Vickers v. Vallejo Furniture Galeries, Inc.*, No. 2:20-CV-0068 JAM AC, 2020 WL 3542399 (E.D. Cal. June 30, 2020).

However, regarding the number of hours expended by Paralegal Law, the Court finds that some of billing entries for work reviewing the docket and sending a single email are unreasonable

4

and should be reduced. (Doc. 20-3 at 15). While reviewing short Court orders and writing short emails do take some time, the undersigned again notes that attorney's offices must exercise sound judgment in the accumulation of billing entries of this type. *See Acosta v. Sadik*, No. 117CV01533DADSKO, 2018 WL 4182586, at *6 (E.D. Cal. Aug. 30, 2018). Based on the activities recorded in reviewing simple orders, and sending brief routine emails, the Court finds that only 0.20 (12 minutes) of the time billed on the above-listed activities is reasonable; thus, a reduction of 0.10 hours (6 minutes) is warranted. *See Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983) (hours requested may be reduced where expenditure of time deemed excessive, duplicative, or otherwise unnecessary); *see also*, *e.g.*, *Trujillo v. Ali*, No. 1:16-cv-00694-LJO-SKO, 2016 WL 6902313, at *6 (E.D. Cal. Nov. 23, 2016) (reducing the time billed for similar activities reviewing short Court orders).

### III.   CONCLUSION

In accordance with the foregoing, IT IS HEREBY ORDERED that the hearing set for January 22, 2024, is VACATED.

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's unopposed Motion to Enforce the Settlement Agreement (Doc. 20) be GRANTED IN PART, as follows:

1. Defendants SHALL pay $14,451.08 pursuant to the Settlement Agreement (Doc. 20-3);

2. Plaintiff be awarded the following fees:

| Professional | Hourly Rate | Hours | Total |
|---|---|---|---|
| Ms. Tanya Moore | $300 | .5 | $150.00 |
| Ms. Whitney Law | $115 | 3.2 | $368.00 |
| | | **Total Fees** | $518.00 |

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 7, 2025**              /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE